DAVID SEROR – Bar No. 67488
MICHAEL P. WEISBERG – Bar No. 150171
RYAN F. COY – Bar No. 324939
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    dseror@bg.law
          mweisberg@bg.law
          rcoy@bg.law

Special Litigation Counsel for John P. Pringle,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GHBW,<br><br>    Debtor.<br> | Case No. 2:21-bk-11300-VZ<br><br>Chapter 7<br><br>Adv. No. 2:22-ap-_____ |
| JOHN P. PRINGLE, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBAL MERCHANT CASH INC.,<br><br>    Defendant. | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS**<br><br>[11 U.S.C. §§ 547, 550, 551] |

John P. Pringle, the duly appointed and acting Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of GHBW (the "Debtor"), hereby complains and alleges against Global Merchant Cash Inc. (the "Defendant") as follows:

///

1

# NATURE OF ACTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 151, 157(b)(1) and (2), and 1334, as well as General Order No. 13-05 of the District Court for the Central District of California, on the basis that this action is a "core" proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (F), and (O), and arises in or under the involuntary Chapter 7 bankruptcy case identified as *In re GHBW*, Bankruptcy Case Number 2:21-bk-11300-VZ (the "Bankruptcy Case"), currently pending before this Court. The Trustee consents to entry of final orders or judgment by this Court.

2. Before February 18, 2021 (the "Petition Date"), the Debtor was engaged in commercial activities as a general contractor and was involved in the remodeling of several homes throughout Los Angeles County.

3. Based on the Trustee's investigation and review of the Debtor's records available, including the Debtor's bank statements and bankruptcy disclosures, the Defendant received payments and transfers from the Debtor within 90 days of the Petition Date in the Bankruptcy Case.

4. Specifically, between December 2020 and January 2021, the Debtor made approximately 5 payments totaling $55,284.10 to the Defendant (the "Transfers").

5. The Transfers paid to the Defendant are avoidable and recoverable for the benefit of the bankruptcy estate and its creditors as preferential transfers under 11 U.S.C. § 547.

6. By this action, the Trustee seeks an order of judgment determining that the total amount received by the Defendant is a preferential transfer, avoiding the Transfers totaling $55,284.10, and permitting the Trustee to recover such property for the benefit of the bankruptcy estate.

7. Pursuant to 11 U.S.C. §§ 547, 550, and Rule 7001 of the Federal Rules of Bankruptcy Procedure, the Trustee is seeking to avoid and recover the total preferential transfers paid by the Debtor to the Defendant within 90 days of the bankruptcy petition date.

# STATEMENT OF JURISDICTION AND STANDING

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises in or under a case under Title 11 of the United States Code (beginning at 11 U.S.C.

2770804

1 § 101, *et seq.*, the "Bankruptcy Code") which is pending in this judicial District.

2    9.    The Trustee has standing to bring this adversary proceeding on behalf of the Estate pursuant to 11 U.S.C. §§ 547, 704(a)(1), Rule 7001 of the Federal Rules of Bankruptcy Procedure, and his appointment as the Chapter 7 Trustee for the Estate.

10.    This adversary proceeding is brought pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 547, 550.

**PARTIES**

11.    The Trustee, who is the Plaintiff herein, brings this action solely in his capacity as the Chapter 7 Trustee for the Estate.

12.    The Trustee is informed and believes, and based thereon alleges, that the Defendant Global Merchant Cash Inc. (hereafter, the "Defendant") is, and at all relevant times herein mentioned was, a New York corporation that does business in the Central District of California.

**GENERAL FACTUAL ALLEGATIONS**

13.    Petitioning creditors Dirtwork Engineering, Inc., Positive Energy Electrical Contractor, Inc. and Ono Development Group (collectively, "Petitioning Creditors") filed the Involuntary Petition (the "Petition," Bk. Docket No. 1) commencing the matter on February 18, 2021 (the "Petition Date") under Chapter 7 of Title 11 of the United States Code against GHBW (the "Debtor").

14.    Prior to the Petition Date, the Debtor was engaged in commercial activities as a general contractor and was involved in the remodeling of several homes throughout Los Angeles County.

15.    On March 2, 2021, this Court issued the Summons on the Petition (the "Summons," Bk. Docket No. 4) and scheduled a status conference in the case for April 22, 2021 at 10:00 a.m.

16.    On March 6, 2021, the Petitioning Creditors served the Summons on all necessary parties (Bk. Docket No. 6). Pursuant to the Summons, the alleged Debtor's answer to the Petition was due 21 days from the date of service of the Summons.

17.    The alleged Debtor did not file an answer to the Petition, but rather the Petitioning Creditors and the Debtor entered into a stipulated agreement, wherein the parties agreed that the

3

Court should enter an Order for Relief in this involuntary case, which Stipulation was filed with the Court on March 30, 2021 (Bk. Docket No. 7), and approved pursuant to this Court's Order entered on April 7, 2021 (Bk. Docket No. 12).

18. The Order for Relief was entered by this Court on April 9, 2021 (Bk. Docket No. 13), and thereafter, on April 13, 2021, John P. Pringle was appointed as the chapter 7 trustee of the Estate (the "Trustee"), in which capacity he continues to serve.

19. Between December 2020 and January 2021, the Debtor paid $55,284.10 to the Defendant as follows:

| Transfer Date | Transfer Amount | Transfer Information |
|---|---|---|
| 12/30/2020 | $11056.82 | Dec. 2020 Bank Stmt.ACH Debit - GLOBAL MERCHANT/GLOBAL MER ID#CLIENT-58561 |
| 1/6/2021 | $11056.82 | Jan. 2021 Bank Stmt.ACH Debit - GLOBAL MERCHANT/GLOBAL MER ID#CLIENT-58561 |
| 1/14/2021 | $11056.82 | Jan. 2021 Bank Stmt.NSF PAID ITEM EFF 01-13 - GLOBAL MERCHANT/GLOBAL MER ID#CLIENT-58561 |
| 1/20/2021 | $11056.82 | Jan. 2021 Bank Stmt.ACH Debit - GLOBAL MERCHANT/GLOBAL MER ID#CLIENT-58561 |
| 1/27/2021 | $11056.82 | Jan. 2021 Bank Stmt.ACH Debit - GLOBAL MERCHANT/GLOBAL MER ID#CLIENT-58561 |

20. Upon the Trustee's requests for further information, the Defendant failed to respond or provide any information regarding the Transfers.

**FIRST CLAIM FOR RELIEF**

**Avoidance of Preferential Transfers**

**Against Defendant**

**[11 U.S.C. § 547]**

21. The Trustee realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 20, inclusive as though fully set forth herein.

22. Before the Petition Date, the Defendant was a creditor of the Debtor.

23. The Transfers are transfers of the Debtor's property within 90 days of the Petition Date.

4

24. The Transfers have enabled the Defendant to receive more than it would have received if the Transfers had not been made and if the Defendant were paid as a creditor according to the Bankruptcy Code's provisions in the underlying Bankruptcy Case.

25. Based on the Trustee's investigation and review of the Debtor's records available, including the Debtor's bank statements and bankruptcy disclosures, the Transfers appears to be to or for the benefit of the Defendant on account of an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

26. The Transfers were made while the Debtor was "insolvent," as defined under 11 U.S.C. § 101(32).

27. Based on the reasonable due diligence of the Trustee under the circumstances of this case, the Defendant does not have any reasonably knowable defenses that would prevent the avoidance of the Transfers.

28. The Transfers are avoidable under 11 U.S.C. § 547 as preferential transfers.

29. The Trustee is entitled to judgment avoiding the Transfers to the Defendant.

### SECOND CLAIM FOR RELIEF

**Recovery and Preservation of Avoided Preferential Transfers**

**Against Defendant**

**[11 U.S.C. §§ 547, 550, 551]**

30. The Trustee realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 29, inclusive as though fully set forth herein.

31. To the extent the Transfers are avoided under 11 U.S.C. § 547, the Trustee is entitled to recover the funds of the Transfers, or otherwise the value of the Transfers, for the benefit of the bankruptcy estate.

32. The Trustee is entitled to recover the value of the Transfers from the Defendant or any immediate or mediate transferee of the Defendant that lacks good faith pursuant to 11 U.S.C. § 550.

33. The Trustee may preserve the avoided Transfers for the benefit of the estate pursuant to 11 U.S.C. § 551.

5

**PRAYER FOR RELIEF**

**WHEREFORE**, the Trustee prays for judgment against Defendant Global Merchant Cash Inc. as follows:

1. On the First Claim for Relief, for a judgment avoiding the Transfers to the Defendant in the amount of $55,284.10;

2. On the Second Claim for Relief, for a judgment recovering the value of the Transfers from the Defendant and preserving the Transfers for the benefit of the estate;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper under the circumstances.

DATED: February 24, 2022            BG LAW LLP

By: /s/ Ryan F. Coy
    MICHAEL P. WEISBERG
    RYAN F. COY
    Attorneys for John P. Pringle, Chapter 7 Trustee